IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID FITZGERALD,

    Plaintiff,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK),

    Defendant.

Civil Action No. 2:21-cv-05355-NIQA

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant National Railroad Passenger Corporation (AMTRAK) ("Defendant"), by and through its undersigned counsel, hereby submits this Answer to the Complaint of Plaintiff David Fitzgerald ("Plaintiff") as follows:

**I. PARTIES IN THIS COMPLAINT:**

**A.** Admitted in part; denied in part. It is admitted only that Plaintiff's name is David Fitzgerald. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Section I(A) of the Complaint, and therefore denies same.

**B.** Defendant admits that it has a location at 2955 Market Street, Philadelphia, Pennsylvania 19104, but denies the remaining allegations contained in Section I(B) of the Complaint.

**C.** Admitted in part; denied in part. Defendant admits that Plaintiff was employed at the 2955 Market Street, Philadelphia Pennsylvania 19104 location for part of his employment. Defendant denies that Plaintiff was employed at this location for the entirety of his employment.

## II. STATEMENT OF CLAIM

**A.** Defendant admits that Plaintiff purports to assert claims related to the termination of his employment under Title VII of the Civil Rights Act of 1964 ("Title VII") but denies that it engaged in any unlawful conduct or that Plaintiff is entitled to any relief whatsoever.

**B.** Defendant denies the allegations contained in Section II(B) of the Complaint.

**C.** Defendant admits that it is not currently committing the alleged discriminatory acts. Defendant denies that it ever engaged in any discriminatory or unlawful conduct towards Plaintiff.

**D.** Defendant denies the allegations contained in Section II(D) of the Complaint.

**E.** In response to the first sub-paragraph,[1] Defendant admits that Plaintiff was hired in April 2009. By way of further response, Plaintiff was hired as a Bridges and Building (B&B) Mechanic and worked as a B&B Foreman and Inspector beginning in the Fall of 2009. Defendant lacks sufficient knowledge or information as to Plaintiff's age or construction experience, and therefore denies these allegations. Defendant denies the remaining allegations in the first sub-paragraph of Section II(E). Defendant specifically denies that it engaged in any discriminatory or unlawful conduct.

In response to the second sub-paragraph, Defendant admits Plaintiff was interviewed twice by the Office of Inspector General ("OIG"), with the first being in November 2019. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sub-paragraph of Section II(E), and therefore denies the same.

---

[1] Due to the formatting of Plaintiff's Complaint, Defendant responds to each sub-paragraph within Section II(E).

In response to the third sub-paragraph, Defendant admits that the second interview occurred in December 2020. Defendant also admits that in January of 2021, Plaintiff was charged with violating Amtrak's policies because he dishonestly accepted gifts and favors from a contractor (Mark 1), thereby taking advantage of his business relationship with Mark 1, to personally benefit himself. The charge letter is a written document, the content of which speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the third sub-paragraph of Section II(E), and therefore denies the same.

In response to the fourth sub-paragraph, Defendant admits only that Plaintiff offered the information regarding the furnace. Defendant denies that no testimony or evidence supporting that Plaintiff dishonestly received gifts or provided favors to a contractor was presented at the hearing. The transcript of the hearing is a written document, the content of which speaks for itself. Defendant lacks sufficient information to admit or deny the remaining allegations in this Paragraph, and therefore denies the same.

In response to the fifth sub-paragraph, Defendant admits that on or about March 30, 2021 Defendant terminated Plaintiff's employment, in part for violating Amtrak's Standards of Excellence. Defendant denies Plaintiff's characterization of the document attached to his Complaint as Exhibit A. Specifically, Plaintiff's Exhibit A does not reference Defendant's Conflicts of Interest Policy. Rather, Plaintiff's Exhibit A notes that the decision to terminate Plaintiff's employment was based on the Hearing Officer's March 29, 2021 Decision Letter, which is not attached to Plaintiff's Complaint. Defendant denies the remaining allegations in this sub-paragraph.

In response to the sixth sub-paragraph, Defendant denies that Caucasian employees were "purposely overlooked." Defendant denies the remaining allegations in the sixth sub-paragraph

of Section II(E).

In response to the seventh sub-paragraph, Defendant admits John Ciferni was terminated for workplace violence and received a prior 30-day suspension related to an email. Defendant denies the remaining allegations of the seventh paragraph of Section II(E).

In response to the eighth sub-paragraph, Defendant denies the allegations set forth within the eighth paragraph of Section II(E).

In response to the ninth sub-paragraph, Defendant denies the factual allegations set forth within the ninth sub-paragraph of Section II(E).

In response to the tenth sub-paragraph, Defendant denies the allegations in the first sentence to the extent they constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant admits that Plaintiff filed a federal lawsuit against Amtrak in 2013 and that Plaintiff submitted one complaint to Amtrak's Dispute Resolution Office. Defendant denies the remaining allegations in sub-paragraph 10 of Section II(E). Defendant specifically denies that it engaged in any discriminatory or unlawful conduct.

In response to the eleventh sub-paragraph, Defendant admits only that Plaintiff demands the relief set forth therein, but denies that it engaged in any unlawful conduct or that Plaintiff is entitled to any relief whatsoever.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Defendant admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on or around September 7, 2021. Defendant denies that it engaged in any discriminatory or unlawful conduct.

B. Defendant admits that the EEOC issued a Notice of Right to Sue Letter. Defendant lacks sufficient information to admit or deny when Plaintiff received the Notice of Right to Sue

Letter, and therefore denies the same.

  **C.**  There are no allegations to admit or deny in this Paragraph.

  **D.**  Defendant admits that Plaintiff's September 7, 2021 EEOC Charge was dual filed with the Pennsylvania Human Relations Commission ("PHRC"). Defendant denies that it engaged in any discriminatory or unlawful conduct. Defendant lacks sufficient information to admit or deny the remaining allegations in this Paragraph, and therefore denies the same.

  **E.**  Defendant admits that less than one year has passed since Plaintiff filed his EEOC charge, which was dual-filed with the PHRC. Defendant denies that it engaged in any discriminatory or unlawful conduct.

**IV. RELIEF**

Defendant admits that Plaintiff purports to seek the relief listed in Section IV of the Complaint, but denies the remaining allegations contained in Section IV of the Complaint and specifically denies that it engaged in any unlawful conduct or that Plaintiff is entitled to any relief whatsoever.

<strong><u>AFFIRMATIVE AND OTHER DEFENSES</u></strong>

1. Plaintiff has failed to state any claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, to the extent that they were not filed within the applicable statutes of limitation and/or administrative filing periods.

3. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of this action.

4. Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

5. At all times, Defendant acted reasonably and in good faith.

6. Defendant exercised reasonable care to prevent and correct discriminatory and/or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided or to avoid harm otherwise.

7. Defendant took reasonable steps to comply with anti-discrimination statutes and any acts in violation of the statutes were in contravention of Defendant's good faith efforts to comply.

8. Plaintiff failed to mitigate his damages, if any, and Defendant is entitled to a set-off to the extent of any mitigation.

9. Plaintiff's claims are barred because Defendant's challenged action(s) were taken for legitimate, non-discriminatory and non-retaliatory business reasons.

10. While expressly denying any liability or discriminatory animus toward Plaintiff, to the extent Defendant is found to have discriminated against Plaintiff, Defendant asserts it would have made the same decision to terminate Plaintiff's employment without consideration of Plaintiff's race and/or any other alleged protected status.

11. Any damages suffered by Plaintiff were proximately caused by his own conduct and not the conduct of Defendant.

12. Plaintiff is not entitled to punitive damages because neither Defendant, nor any of its respective officers, directors, managers, or agents, committed, authorized, or ratified any act(s) with respect to Plaintiff in bad faith, willfully, or believing that such act(s) violated any federal or state law. Plaintiff fails to demonstrate that Defendant's conduct was egregious or that Defendant participated in or showed willful indifference to any wrongful conduct by its employees.

13. Any claims for emotional distress damages are preempted by the Federal Employer's Liability Act (FELA).

14. Plaintiff's claims, in whole or in part, are preempted by the Railway Labor Act, 45 U.S.C. §8, *et seq*.

15. Defendant reserves the right to raise any and all other defenses that may become evidence during discovery and any other proceeding in this action.

**WHEREFORE**, Defendant National Railroad Passenger Corporation (Amtrak) respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and enter judgment in its favor, together with the costs and expenses incurred in this lawsuit, including reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

Dated: April 21, 2022            Respectfully submitted,

*/s/ Nina K. Markey*
Nina K. Markey Bar No. 201801
nmarkey@littler.com
Kimberly Saginario Bar No. 325271
ksaginario@littler.com

LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
Telephone: 267.402.3000
Facsimile: 267.402.3131

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2022, the foregoing document was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all parties, and was sent to Plaintiff via U.S. Mail.

*/s/ Nina K. Markey*
Nina K. Markey
